```
                                                                    PS
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TOMMY LEE BROWN,

                Plaintiff,

v.

BRIAN FISCHER, et al.,

                Defendants.

_____

**ORDER**

6:15-CV-06108 EAW

## **INTRODUCTION**

Currently before the Court is the Amended Complaint of *pro se* prisoner Tommy Lee Brown ("Plaintiff") in which he asserts constitutional claims under 42 U.S.C. § 1983 stemming from his confinement at three New York State prisons. (Dkt. 32). Plaintiff previously filed an original Complaint (Dkt. 1) and a supplemental pleading concerning incidents at the Wende Correctional Facility ("Wende") (Dkt. 16), which the Court evaluated jointly under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a) in its prior screening order (Dkt. 15). Thereafter, Plaintiff moved to amend the Complaint and submitted two additional, separate pleadings concerning incidents at the Attica Correctional Facility ("Attica") (Dkt. 18) and the Five Points Correctional Facility ("Five Points") (Dkt. 18-1). He also filed several motions seeking the appointment of counsel. (Dkt. 14; Dkt. 19; Dkt. 21). The Court granted Plaintiff's motion to appoint counsel and assigned a *pro bono* attorney for the limited purposed of drafting the Amended Complaint. (Dkt. 23; Dkt. 24).

The Court has evaluated the Amended Complaint pursuant to the 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a) criteria, as discussed further below, and finds that some of Plaintiff's claims are sufficient to survive initial review and proceed to service. In light of Plaintiff's *pro se* status and the limited scope of counsel's representation, this Order directs service of the Amended Complaint, along with the previously filed supplemental pleadings (Dkt. 16; Dkt. 18; Dkt. 18-1), because they contain pertinent facts concerning the events and conduct referred to in the Amended Complaint.

## DISCUSSION

### I. Legal Standard

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2). Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks omitted). Leave to amend pleadings, however, may be denied when amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

In evaluating the complaint, the Court must accept all factual allegations as true and must draw all inferences in the plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir 2008) (discussing pleading standard in *pro se* cases after *Twombly* and stating that "even after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases"). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997). A prerequisite for liability under a § 1983 claim is "personal involvement" in the alleged constitutional deprivation. *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998).

> A defendant may be "personally involved" in causing a constitutional deprivation if: (1) defendant participated directly in the alleged infraction; or (2) acting in a supervisory capacity, defendant (a) failed to remedy a continuing or egregious wrong after learning of a violation, (b) created a policy or custom under which the unconstitutional practices occurred or allowed such policy or custom to continue, or (c) was "grossly negligent" in managing subordinates who actually caused the constitutional deprivation.

*Candelaria v. Coughlin*, 787 F. Supp. 368, 372 (S.D.N.Y. 1992) (citing *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986)).

## II. <u>Plaintiff's Allegations</u>

### A. Attica Allegations

On February 27, 2012, Plaintiff, while incarcerated at Attica with a known history of mental health issues including suicidal tendencies, was stabbed several times in the recreation yard by another inmate, Geraldo Rodriquez, with a seven-inch shank. Plaintiff sustained lacerations in the hands and arms as he attempted to defend himself. Several prison officials, including Defendants Bradt, Hughes, Robinson, Brown, Noeth, Thomas, Lowe, Mitchell and a number of unidentified John Doe Correction Officers "participated [in] and/or were aware of the Plaintiff being assaulted and, with deliberate indifference, failed to provide proper aid and assistance to the Plaintiff." (Dkt. 32 at 13). Plaintiff further alleges that, following Rodriquez's attack, several John Doe Correction Officers assaulted him with batons and failed to provide medical attention until one hour after the attack. (*Id.* at 14-15).

Plaintiff was seen at the Attica infirmary by Defendants Michalek and Rao, as well as other John or Jane Doe employees. Plaintiff alleges that the medical staff's "indifference to [his] condition" caused him to "sustain more pain and suffering" and that "[he] now has

nerve damage in his hands." (*Id.* at 15). After being seen at the Attica infirmary, Plaintiff "needed to be transported to the hospital for further treatment." (*Id.*).

After being assaulted, Plaintiff was falsely charged with "violating codes of conduct including fighting and causing a disruption," and was subsequently found guilty and sentenced to one year in the special housing unit ("SHU") by Defendant Robinson. (*See* Dkt. 18 at 9). Plaintiff successfully appealed his disciplinary determination, and his charges were dismissed after he had served his full one-year SHU sentence.

### B. Wende Allegations

On January 13, 2013, Plaintiff, while confined to the SHU and/or medical unit of Wende, was provided with a razor by Correction Officer Reid, despite Plaintiff's placement on suicide watch and his known mental health problems. Plaintiff used the razor to cut himself in the shower. Rather than receiving immediate medical attention, Plaintiff was restrained and assaulted by Officers Hamilton, Andrews, Reid, and Londono at the direction of Sgt. Meara. In his supplemental pleading, Plaintiff further alleges that Hamilton used the razor blade to cut off Plaintiff's dreadlocks, stating, "Rastafarians are not allowed in this SHU." (Dkt. 16 at 3). Plaintiff was then moved, naked, from the bathroom to the medical unit, where Defendant Nurse Amy G. failed to provide adequate medical attention and incorrectly recorded Plaintiff's weight as being 20 pounds higher than his actual weight. (Dkt. 32 at 17).

### C. Five Points Allegations

On June 19, 2013, Plaintiff was confined in a strip cell at Five Points when a correction officer demanded that Plaintiff end his hunger strike or the food "will be shoved

into [him]." (*Id.* at 18). Defendants Ranger, Bailor, Novak, Burns, Schmitt, Relf, Carey, and Jones then pushed Plaintiff to the ground and assaulted him with batons and other objects, causing injuries to his shoulder. (*Id.*; *see* Dkt. 18-1). Plaintiff further alleges that Defendants Mott and Dadson, healthcare officials at the prison, failed to provide adequate treatment. Plaintiff was later charged with assaulting the aforementioned correction officers.

### III. **Constitutional Claims**

#### A. **Excessive Force and Failure to Protect**

The Supreme Court has "held repugnant to the Eighth Amendment punishments which are incompatible with 'the evolving standards of decency that mark the progress of a maturing society.'" *Estelle v. Gamble,* 429 U.S. 97, 102-03 (1976) (quoting *Trop v. Dulles*, 356 U.S. 86, 100-01 (1958)). The standard for determining whether prison officials have violated the Eighth Amendment by using excessive physical force is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian,* 503 U.S. 1, 7 (1992). To assess an Eighth Amendment claim, the Court must consider both the subjective and the objective components of the alleged violation. *See Davidson v. Flynn,* 32 F.3d 27, 29 (2d Cir. 1994). The objective component considers the "seriousness of the injury," while the subjective component addresses whether the defendant possessed a "wanton" state of mind while engaging in the use of force. *Hudson,* 503 U.S. at 6-7.

With respect to failure to protect, the Second Circuit has explained as follows:

> The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody. Moreover, under 42 U.S.C. § 1983, prison officials are liable for harm incurred by an inmate if the officials acted with "deliberate indifference" to the safety of the inmate. However, to state a cognizable section 1983 claim, the prisoner must allege actions or omissions sufficient to demonstrate deliberate indifference; mere negligence will not suffice.
>
> The test for deliberate indifference is twofold. First, the plaintiff must demonstrate that he is incarcerated under conditions posing a substantial risk of serious harm. Second, the plaintiff must demonstrate that the defendant prison officials possessed sufficient culpable intent. The second prong of the deliberate indifference test, culpable intent, in turn, involves a two-tier inquiry. Specifically, a prison official has sufficient culpable intent if he has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm.

*Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996) (internal citations omitted) (citing *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)).

In this case, the Court finds that, under the Eighth Amendment framework discussed above, Plaintiff has adequately alleged, for purposes of initial review, claims of excessive force and failure to protect against: Attica Defendants Bradt, Hughes, Lowe, Mitchell, and the unidentified John Doe Correction Officers 1-8, who are accused of assaulting Plaintiff immediately after he was stabbed by a fellow inmate and/or failing to protect Plaintiff from assault; Wende Defendants Meara, Hamilton, Andrews, Reid and Londono, who are accused of assaulting Plaintiff immediately after he harmed himself with a razor while on suicide watch and/or failing to protect him from assault; and Five Points Defendants Ranger, Bailor, Novak, Burns, Carey, Schmitt and John and Jane Doe Correction Officers 1-8, who are accused of assaulting Plaintiff and striking him with batons and/or failing to protect him from assault.

## C. Deliberate Indifference to Medical Condition

A claim of inadequate medical care rises to the level of a constitutional violation only where the facts alleged show that a defendant was deliberately indifferent to a plaintiff's serious medical needs. *See Estelle*, 429 U.S. at 104-05; *Ross v. Kelly*, 784 F. Supp. 35, 43-44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir. 1992). "A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'" *Harrison v. Barkley*, 219 F.3d 132, 136-37 (2d Cir. 2000) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks omitted)). "[An] isolated failure to treat, without more may in fact rise to the level of a constitutional violation if the surrounding circumstances suggest a degree of deliberateness, rather than inadvertence, in the failure to render meaningful treatment." *Gil v. Vogilano*, 131 F. Supp. 2d 486, 492 (S.D.N.Y. 2001) (internal quotation marks and alterations omitted).

Plaintiff has adequately alleged, for purposes of initial review, claims of deliberate indifference to medical condition against: Attica Defendants Bradt, Hughes, Lowe, Mitchell, and John Doe Officers, who allegedly assaulted Plaintiff instead of providing medical assistance after he was stabbed by a fellow inmate; Attica medical and mental health staff, including Defendants Rao, Yolevich, Michalek, and Trapasso, who are accused of refusing to adequately document or treat Plaintiff's medical and mental health conditions; Wende Defendants Hamilton, Andrews, Reid, Meara, Londono, Graham, and Amy G., who are accused of assaulting Plaintiff and/or failing to provide medical attention immediately after he cut himself with a razor; and Five Points Defendants Mott and

Dadson. Plaintiff alleges that he sustained permanent injuries as a result of the delayed medical treatment, including nerve damage in his hands.

The Court concludes, however, that there are no allegations in the Amended Complaint or the supplemental pleadings that Defendants Abbasey and Mental Health Unit Chief Doe, and Nurse Brenda Jones were personally involved in any deliberate delay of treatment or failure to provide medical care to Plaintiff. Therefore, the deliberate indifference to medical condition claims against them are dismissed with prejudice. With respect to the remaining Defendants, the Court finds that the pleadings are devoid of factual allegations against former DOCCS Commissioner Fischer, Attica Deputy Superintendent Artus, Attica Captain Robinson, Attica Captain Brown, Defendant Noeth, Lt. Thomas, Attica Lt. John Doe, Attica C.O. Hembrook, Attica Grievance Supervisor Janes, and Attica Sergeants Doe 1-3, and Five Points Superintendent Sheehan, Deputy Superintendent Jones, Superintendent Thoms, Deputy Superintendent Coveny, and Lt. Marcado. The Court finds that because Plaintiff has failed to assert the personal involvement of these Defendants in a constitutional deprivation, the claims against them arising under § 1983 are dismissed with prejudice. *See Candelaria*, 787 F. Supp. at 372.

D.   **Remaining Claims**

In its prior order, this Court found that Plaintiff had sufficiently pleaded a violation of his right to the free exercise of religion against Wende Defendants Meara and Hamilton in his supplemental pleading. (Dkt. 15 at 11; *see* Dkt. 16 at 3). Therefore, Plaintiff's federal free exercise claim shall proceed to service against Meara and Hamilton in accordance with the prior order. (Dkt. 15 at 11).

Finally, the Amended Complaint also asserts a number state law claims sounding in assault and negligence. Insofar as Plaintiff's federal and state claims "derive from a common nucleus of operative fact," the state claims fall under the Court's supplemental jurisdiction and shall proceed to service with the federal claims. *Frederick v. State*, 232 F. Supp. 3d 326, 331 (W.D.N.Y. 2017) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).

E.  **John and Jane Doe Defendants**

As noted above, Plaintiff has listed eight Attica John Doe Correction Officers and eight Five Points John and Jane Doe Correction Officers. Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (per curiam), the Court again requests that the Attorney General of the State of New York ascertain, if possible at this time, the full names of these Defendants. The Attorney General is also requested to provide the addresses where these Defendants can currently be served. The Attorney General need not undertake to defend or indemnify these individuals at this juncture. This Order merely provides a means by which Plaintiff may name and properly serve the defendants as instructed by the Second Circuit in *Valentin*.

The Attorney General of the State of New York is hereby requested to produce the information specified above regarding the identities of these Defendants within **35 days.** Once this information is provided to the Court, Plaintiff's complaint shall be deemed amended to reflect the full names of the John and Jane Does, summonses shall be issued and the Court directs service on those Defendants.

The Clerk of Court shall send a copy of this Order, the Amended Complaint, (Dkt. 32), and the supplemental pleadings (Dkt. 16; Dkt. 18; Dkt. 18-1), to Ted O'Brien, Assistant Attorney General in Charge, 144 Exchange Street, Rochester, New York 14614.

## CONCLUSION

For the reasons set forth above, the Amended Complaint (Dkt. 32) and supplemental pleadings (Dkt. 16; Dkt. 18; Dkt. 18-1) shall proceed to service in accordance with this Order.

## ORDER

IT HEREBY IS ORDERED that Plaintiff's federal claims against Defendants Abbasey, Mental Health Unit Chief Doe, Nurse Brenda Jones, former DOCCS Commissioner Fischer, Attica Deputy Superintendent Artus, Attica Captain Robinson, Attica Captain Brown, Defendant Noeth, Lt. Thomas, Attica Lt. John Doe, Attica C.O. Hembrook, Attica Grievance Supervisor Janes, and Attica Sergeants Doe 1-3, and Five Points Superintendent Sheehan, Deputy Superintendent Jones, Superintendent Thoms, Deputy Superintendent Coveny, and Lt. Marcado are dismissed with prejudice, and these Defendants are terminated from this action;

FURTHER, that the Clerk of the Court is directed to cause the United States Marshal to serve copies of the Summons, the Amended Complaint (Dkt. 32) and the supplemental pleadings (Dkt. 16; Dkt. 18; Dkt. 18-1) and this Order upon the remaining named Defendants and John and Jane Doe Correction Officers, once identified, without Plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor;

FURTHER, the Clerk of Court is directed to forward a copy of this Order by email to Ted O'Brien, Assistant Attorney General in Charge, Rochester Regional Office <Ted.O'Brien@ag.ny.gov>;

FURTHER, that, pursuant to 42 U.S.C. § 1997e(g), Defendants are directed to respond the Amended Complaint upon service.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: August 29, 2018
      Rochester, New York