UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TOMMY LEE BROWN, 98-A-5078,

       Plaintiff,

-vs-

BRIAN FISHER, *et al.*,

       Defendants.

DECISION AND ORDER

15-CV-6108-EAW-MJP

**Pedersen, M.J.** Tommy Lee Brown, Plaintiff *pro se* ("Brown"), is an inmate at Five Points Correctional facility and is requesting the assistance of *pro bono* counsel in this civil rights litigation.

The docket has a First Amended Complaint ("Compl.") filed by Jon P. Getz, Esq.,[1] on July 11, 2017 (ECF No. 32), and Defendants have filed answers to that complaint. Defendants have moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(6), which is pending before the District Judge, as well as Brown's request for injunctive relief. (Motion to Dismiss, Jul. 2, 2019, ECF No. 80; Letter Motion for Restraining Order, May 23, 2019, ECF No. 72.)

Brown's raises fourteen claims for relief, and asks for punitive damages. He is suing 60 defendants, some of which are named as John Doe. The complaint outlines,

> three separate incidents in three separate locations all of which he [sic] suffered substantial injuries that required medical attention. Correction Officers ignored his complaints of pain subsequent to his assaults; and retaliated against him as he has filed grievances against correction officers and others; and after he has been successful in having disciplinary matters reversed against him.

---

[1] Mr. Getz was appointed by the Court for the limited purpose of drafting an amended complaint and no longer represents Brown.

(Compl. ¶ 8.) At the time of the complaint, Brown was housed in the Central New York Psychiatric Center. (*Id.* ¶ 10.)[2]

With one application for the appointment of counsel ([ECF No. 86](#)), Brown enclosed letters from six lawyers turning down the opportunity to represent him in this case, along with a "Verified Amended Complaint." ([ECF No. 86-1](#).) In his second application for *pro bono* counsel, Brown included an affidavit in which he explained that he is "a layman whom [sic] is suffering from serious mental illness with no knowledge of the laws …" and claims that his mental condition makes it problematic for him to understand and comprehend any legal standards and instructions. ([ECF No. 87](#).) Included in the second application is a memorandum from an unnamed individual who is evidently assisting Brown with preparation of his papers in opposition to the motion to dismiss. ([ECF No. 87 at 9](#).) On November 8, 2019, after receiving extensions of time to do so, Brown filed his response to the motion to dismiss. (Reply to Defendants 12(b)6 and 12(c) Notice of Motion and Memorandum of Law, Nov. 8, 2019, [ECF No. 98](#).) Brown's response cites the standard of review for a motion to dismiss,[3] contains citations to current case law, asks for leave to amend the First Amended Complaint, outlines the operative facts from the current complaint, and makes several cogent arguments against dismissal.

The Hon. Elizabeth Wolford outlined the standard for assignment of *pro bono* counsel. (Order Granting Motion to Appoint Counsel, Feb. 22, 2017, ECF No. 23.) "In deciding whether to appoint counsel, … the district judge should first determine whether

---

[2] According to the docket, he is presently housed in Sullivan Correctional Facility.

[3] On page 5, however, the memorandum makes a passing reference to the overruled *Conley* standard (*Conley v. Gibson*, 355 U.S. 41 (1957)) while quoting language from *Haines v Kerner*, 404 U.S. 519, 521 (1972).

the indigent's position seems likely to be of substance," and "[i]f the claim meets this threshold requirement, the court must then consider" a number of other factors in making its determination. *Hodge v. Police Officers,* 802 F.2d 58, 61 (2d Cir. 1986). Judge Wolford has already found that Brown's position seems likely to be of substance. Under *Hodge:*

> If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.* at 61–62.

At this stage in the litigation, Brown has shown an ability to adequately represent himself in opposing the pending motion to dismiss. Depending on the outcome of that motion, he may need assistance investigating any claims that remain in the litigation, as well as assistance with cross-examination.

For the time being, however, considering the sacristy of *pro bono* counsel, and the thoroughness with which Brown has represented himself on the motion to dismiss, the Court denies his application for the assignment of *pro bono* counsel. Brown's motions, ECF No. 86 and ECF No. 87, are denied. This denial is without prejudice to renewal should Brown continue to be involved in suing three facilities and 60 defendants after the District Judge's decision on the motion to dismiss.

IT IS SO ORDERED.

                                                      MARK W. PEDERSEN

Dated: January 26, 2019          UNITED STATES MAGISTRATE JUDGE
       Rochester, New York