# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

TOMMY LEE BROWN,

                              Plaintiff,

           v.

JERRY JONES, JEFFREY CAREY,
JOSEPH J. AVERY, MICHAEL RELF,
PATRICK D. BURNS, THOMAS W.
NOVAK, SR., BRUCE SCHMITT,
MATTHEW RANGER, CHARLES
BAILOR, and ADAM PARADOWSKI,

                              Defendants.

REPORT AND RECOMMENDATION

15-CV-6108-EAW-MJP

## APPEARANCES

For Plaintiff:                          Amy Jane Agnew, Esq.
                                        Law Office of Amy Jane Agnew P.C.
                                        24 Fifth Ave
                                        Suite 1701
                                        New York, NY 10011

For Defendants/Counterclaimants:        Hillel David Deutsch, A.A.G.
                                        N.Y.S. Attorney General's Office
                                        Department of Law
                                        144 Exchange Boulevard
                                        Rochester, NY 14614

## INTRODUCTION

**Pedersen, M.J.** Plaintiff Tommy Lee Brown ("Plaintiff") commenced this action *pro se* on March 2, 2015, alleging various constitutional claims under 42 U.S.C. § 1983, which Plaintiff asserts occurred during his incarceration at Five Points Correctional Facility ("Five Points"). Plaintiff is now represented by counsel. Presently before this Court is Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure ("FRCP") 56 on the counterclaims made by Jeffery

1

Carey, Michael Relf, Patrick D. Burns, and Bruce Schmitt ("Counterclaimants"). (ECF No. 187.) Counterclaimants assert two counterclaims: (1) battery; and (2) assault. (Am. Answer to Second Am. Compl. at 7–8, ECF No. 196.) Also before the Court is Plaintiff's cross-motion to hold Counterclaimants' motion for summary judgment in abeyance until discovery is complete pursuant to FRCP 56(d). (Agnew Decl., June 3, 2021, ECF No. 200.)

After reviewing the motion papers, the undersigned recommends that the District Court (1) deny Plaintiff's cross-motion to hold Counterclaimants' motion for summary judgment in abeyance until discovery is complete; and (2) grant Counterclaimants' motion for summary judgment on the ground that Plaintiff failed to submit an opposing statement of facts thus rendering the unopposed, supported facts deemed admitted.

Should the Court deny Counterclaimants' summary judgment motion, they ask that the Court deem the findings by the Department of Correctional and Community Services ("DOCCS") hearing officer as conclusive on the issue of whether Plaintiff assaulted Counterclaimants and prohibit Plaintiff from testifying contrary to that determination. The undersigned recommends that the District Court deny that application due to an ambiguity in the DOCCS' officer's determination.

## STANDARD OF LAW

The Honorable Elizabeth A. Wolford referred this matter to the undersigned to "hear and report upon dispositive motions for the consideration of the District Judge pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C). All motions or applications shall

be filed with the Clerk of Court and made returnable before the Magistrate Judge."
(ECF No. 208.)

FRCP 56 provides that summary judgment should be granted if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court should grant summary judgment if, after considering the evidence in the light most favorable to the nonmoving party, the Court finds that no rational jury could find in favor of that party. *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)).

"The moving party bears the burden of showing the absence of a genuine dispute as to any material fact . . . ." *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 486 (2d Cir. 2014). "Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial." *Johnson v. Xerox Corp.*, 838 F. Supp. 2d 99, 103 (W.D.N.Y. 2011) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)). Once the moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015) (quoting *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011)). Specifically, the non-moving party "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown*, 654 F.3d at 358. Indeed, "the

mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original).

This District's Local Rule of Civil Procedure 56(a) requires the submission of a statement of undisputed facts in support of a summary judgment motion and further requires the opposing party to provide a response. Local Rule of Civil Procedure 56(a)(2) provides: "[e]ach numbered paragraph in the moving party's statement of material facts may be deemed admitted for purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement." Although a district court should not deem unopposed facts to be admitted when those facts are unsupported by the record, *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73–74 (2d Cir. 2001), a district court has discretion to deem facts admitted for lack of compliance with its local rules. *See N.Y. State Teamsters Conference Pension & Ret. Fund v. Express Servs., Inc.,* 426 F.3d 640, 648–49 (2d Cir. 2005) (it was within district court's discretion to deem the moving party's statement of material facts admitted where the opposing party "offered mostly conclusory denials" and "failed to include any record citations" contrary to the district's local rules); *Gubitosi v. Kapica*, 154 F.3d 30, 31 n.1 (2d Cir. 1998) (because plaintiff failed to respond to defendant's statement of material facts submitted in accordance with local rules, "the material facts contained in his statement are deemed to be admitted as a matter of law").

**DISCUSSION**

***Findings of Fact Regarding Plaintiff's Cross-Motion to Hold Counterclaimants' Motion for Summary Judgment in Abeyance Until Discovery is Complete Pursuant to FRCP 56(d).***

In opposition to Counterclaimants' motion for summary judgment, Plaintiff cross-moved to hold Counterclaimants' application in abeyance pursuant to FRCP 56(d) on the basis that Plaintiff requires more discovery to oppose the motion. More specifically, Plaintiff contends that he has not yet served any discovery demands related to the counterclaims and intends to make "extensive requests . . . when the triggering motion is resolved and discovery recommences." (Agnew Decl. at 2[1], June 3, 2021, ECF No. 200.)

Plaintiff further contends that, despite counsel's diligent efforts otherwise, Plaintiff does not have a complete record on appeal for his related criminal case and that he is still trying to obtain the complete record. (*Id.* at 3.) Plaintiff also asserts that "the cross-claims for assault and battery pleaded by Defendants Relf, Schmitt, Burns and Carey raise novel questions of law that deserve complete discovery to adjudicate the issues—including whether a DOCCS disciplinary hearing adjudication should be preclusive when a criminal court proceeding on the very same facts did not end in judgment against the prisoner. (Pl.'s letter brief at 2–3, ECF No. 201.)

Finally, Plaintiff seeks an abeyance on the basis that Plaintiff previously moved for the appointment of a guardian ad litem and believes that the resolution of

---

[1] References to page numbers in this document are to those automatically assigned when Plaintiff's counsel filed the document on CM/ECF, and which can be found in the upper righthand corner of the document.

that motion is necessary to permit counsel to have fruitful conversations with Plaintiff regarding the counterclaims and litigation strategy. (Agnew Decl. at 4.)

***Conclusions of Law Regarding Plaintiff's Cross-Motion to Hold Counterclaimants' Motion for Summary Judgment in Abeyance Until Discovery is Complete Pursuant to FRCP 56(d).***

FRCP 56(d) permits a court, in the exercise of its discretion, to defer or deny a decision on summary judgment if a "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." A party resisting summary judgment on the ground that it needs additional discovery in order to defeat the motion must submit an affidavit pursuant to FRCP 56(d) (formerly Rule 56(f)), showing: "'(1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts.'" *Meloff v. N.Y. Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir. 1995) (quoting *Hudson River Sloop Clearwater, Inc. v. Dep't of Navy*, 891 F.2d 414, 422 (2d Cir. 1989)); *Taylor v. City of Rochester*, 458 F. Supp. 3d 133, 139 (W.D.N.Y. 2020) (same).

Courts have declined to continue discovery pursuant to Rule 56(d) where the affidavits submitted in support of the request insufficiently or in a conclusory manner described forthcoming evidence and how that evidence would demonstrate the existence of a genuine issue of material fact. *See, e.g., Gualandi v. Adams*, 385 F.3d 236, 245 (2d Cir. 2004) (affirming district court's implicit denial of discovery where plaintiff failed to "demonstrate that additional discovery was needed in order to decide the jurisdictional issue"); *United States v. Private Sanitation Indus. Ass'n*, 995

F.2d 375, 377 (2d Cir. 1993) (affirming district court's denial of discovery where affidavit "only speculated about what further discovery might reveal" and failed to "describe[ ] in specific terms evidence that might be forthcoming and would demonstrate that a genuine issue actually existed").

Plaintiff correctly states the standard for granting an application to hold a motion for summary judgment in abeyance on the basis that further discovery is needed to defeat the motion. However, Plaintiff fails to satisfy that standard. With respect to the first question—what facts are sought and how they are to be obtained—Plaintiff broadly states that he still needs to request discovery related to the counterclaims but does not provide any specifics as to what discovery is needed that would aid in opposing this summary judgment motion other than indicating that he still seeks approximately 108 pages from the record on appeal. (Agnew Decl. at 4, ECF No. 200.) Plaintiff fails to detail how the discovery Plaintiff intends to seek will create a material issue of fact to defeat Counterclaimants' motion for summary judgment.

With respect to the third and fourth questions of the inquiry, Plaintiff appears to be under the misconception that discovery is currently stayed. (*Id.* 2, 4; Pl.'s letter brief at 4, ECF No. 201.) The undersigned's most recent scheduling order provides that: "All factual discovery in this case shall be completed 180 days following the latter of the Court's decision on the pending motion for summary judgment or motion to appoint a guardian ad litem." (Am. Scheduling Order at 1, May 6, 2021, ECF No. 193.) That order did not stay discovery. It provided a springing deadline by which the parties must *complete* discovery. Accordingly, Plaintiff's assertion that he "will be

making extensive requests and using other discovery devices to seek the facts related to the counter-claims when the triggering motion is resolved and discovery recommences" is incorrect and Plaintiff could feasibly have served discovery requests during the pendency of this motion. In sum, Plaintiff fails to satisfy the third and fourth inquiries because he has not demonstrated what efforts were made to obtain the discovery he claims he requires to defeat this motion and why those efforts were not successful.

Further, the undersigned issued an Order granting Plaintiff's motion for the appointment of a guardian ad litem while this motion for summary judgment was still pending, and prior to requesting supplemental briefing from the parties regarding certain aspects of this motion. (Order granting Mot. to Appoint Guardian ad Litem, Aug. 25, 2021, ECF No. 207.)[2] In other words, that motion can no longer form a basis for the relief sought in Plaintiff's present cross-motion. Moreover, Plaintiff's FRCP 56(d) application fails to explain how discovery was hampered by the undecided guardian ad litem application.

Finally, Plaintiff's contention that further discovery is needed because Defendants' counterclaims "raise novel questions of law that deserve complete discovery to adjudicate the issues—including whether a DOCCS disciplinary hearing adjudication should be preclusive when a criminal court proceeding on the very same

---

[2] Counterclaimants filed their application for summary judgment on May 5, 2021 (ECF No. 187). Judge Wolford ordered Plaintiff to respond by June 3, 2021 (ECF No. 188). On May 6, 2021, Plaintiff filed a memorandum in support of his application for the appointment of a guardian ad litem on June 3, 2021 (ECF No. 199), and on June 4, 2021, filed his opposing memorandum to Counterclaimants' motion for summary judgment (ECF No. 201). ECF No. 199 is mislabeled on the docket as opposing the summary judgment motion.

facts did not end in judgment against the prisoner," is clearly a question of law and not a factual issue limited by a lack of discovery. Accordingly, the undersigned does not believe that this argument supports the relief sought by Plaintiff's cross-motion.

In sum, the undersigned recommends that the District Court find that Plaintiff has failed to demonstrate that Counterclaimants' motion for summary judgment should be held in abeyance pursuant to FRCP 56(d).

### Findings of Fact Regarding Counterclaimants' Motion for Summary Judgment—Local Rule 56 Statement of Facts Issue.

In support of their motion for summary judgment, and in accordance with Rule 56(a) of the Local Rules of Civil Procedure for the Western District of New York, Counterclaimants submitted a Rule 56 Statement of Facts. (Counterclaimants' Rule 56 Statement, ECF No. 187–1.) The brief Statement of Facts asserts:

1. On September 26, 2013, Plaintiff Brown was found guilty of violent conduct (2 counts), assault on staff (2 counts), disobeying a direct order, possessing an altered item, and possessing a weapon at a disciplinary hearing pertaining to the alleged incident in this matter[.] (Declaration of Deutsch[.])

2. In that incident, the Plaintiff initiated an assault of Counterclaimants, punching and kicking them, slashing CO Relf with a sharpened can top and stabbing him with a pen, biting officer Schmitt repeatedly, throwing CO Carey backwards over a medical cart, and kicking CO Burns repeatedly in the groin. (*Id.*) All these officers suffered injuries as a result. (*Id.*)

3. Plaintiff incurred a penalty of, *inter alia*, 12 months loss of good time. (*Id.*)

4. That good time was never restored. (*Id.*)

(*Id.* at 1–2.)

Counterclaimants cite to the Declaration of their attorney, Hillel Deutsch, in support of these facts. Mr. Deutsch's Declaration attached, as Exhibit A, the hearing

packet related to the June 19, 2013, incident at issue in this matter. (Deutsch Decl. at 1, May 5, 2021, ECF No. 187-2.) Mr. Deutsch attached, as Exhibit B, Plaintiff's TAC report showing his loss of good time related to the incident in question, which was never restored. (*Id.*) Accompanying Exhibits A and B is a Certification from Nicole Crane, Inmate Records Coordinator II, at Five Points Correctional Facility, pursuant to New York Civil Practice Law and Rules 2307, 4518(c), and 4540, as well as Federal Rules of Evidence 902. (*Id.* at 5[3].)

Plaintiff did not file an opposing statement of facts as required by L.R. Civ. P. 56(a)(2).

### *Legal Conclusions of Law Regarding Counterclaimants' Motion for Summary Judgment—Local Rule 56 Statement of Facts Issue.*

Rule 56(a)(1) of the Local Rules of Civil Procedure of the Western District of New York requires that any party moving for summary judgment "shall . . . [include] a short and concise statement, in numbered paragraphs, of the material facts to which the moving party contends there is no genuine issue to be tried." Local Rule 56(a)(2) provides:

> **Opposing Statement.** The papers opposing a motion for summary judgment shall include a response to each numbered paragraph in the moving party's statement, in correspondingly numbered paragraphs and, if necessary, additional paragraphs containing a short and concise statement of additional material facts as to which it is contended there exists a genuine issue to be tried. *Each numbered paragraph in the moving party's statement of material facts may be deemed admitted for purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement.*

---

[3] References to page numbers in this document are to those automatically assigned when defense counsel filed the document on CM/ECF, and which can be found in the upper righthand corner of the document.

W.D.N.Y. L.R. Civ. P. 56(a)(2) (emphasis added).

Plaintiff's opposition does not comply with the local rule's requirements and, therefore, affords the Court discretion to deem Counterclaimants' Statement of Facts admitted for the purposes of the motion for summary judgment. The Second Circuit has indicated that a district court should not deem unopposed facts to be admitted when those facts are unsupported by the record. *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73–74 (2d Cir. 2001). However, in this case, each factual assertion within Counterclaimants' Statement of Facts is supported by a citation to defense counsel's Declaration, which includes as Exhibits A and B, the hearing packet and Plaintiff's TAC report showing his loss of good time related to the incident at issue.[4] Those

---

[4] "Materials submitted in support of or in opposition to a motion for summary judgment must be admissible themselves or must contain evidence that will be presented in admissible form at trial." *Delaney v. Bank of Am. Corp.,* 766 F.3d 163, 169–70 (2d Cir. 2014) (quotation omitted); *see also* Fed. R. Civ. P. 56(c). "'[O]nly admissible evidence need be considered by the trial court in ruling on a motion for summary judgment,' and the Federal Rules of Evidence govern such admissibility." *Jackson v. Fed. Express,* 766 F.3d 189, 194 (2d Cir. 2014)) (quoting *Raskin v. Wyatt Co.,* 125 F.3d 55, 56 (2d Cir. 1997)). Exhibits A and B are admissible because Counterclaimants established that they are business records. To lay a proper foundation for a business record, a custodian or other qualified witness must testify that the document was "'kept in the course of a regularly conducted business activity and also that it was the regular practice of that business activity to make the [record].'" *United States v. Komasa,* 767 F.3d 151, 56 (2d Cir. 2014), *cert. denied* 575 U.S. 925 (2015) (quoting *United States v. Williams,* 205 F.3d 23, 34 (2d Cir. 2000) (alteration in *Williams*); *see also* Fed. R. Evid. 803(6) (Records of a Regularly Conducted Activity; "the record was made at or near the time by--or from information transmitted by--someone with knowledge; the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; making the record was a regular practice of that activity; all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.). "The custodian need not have personal knowledge of the actual creation of the document" to lay a proper foundation. *Phoenix Assocs. III v. Stone,* 60 F.3d 95, 101 (2d Cir. 1995) (citation omitted). Counterclaimants submitted a Certification from the Records Coordinator at Five Points Correctional Facility, which meets the criteria needed to establish Exhibits A and B as business records.

documents are sufficient to prove Counterclaimants' factual assertions. Accordingly, the undersigned recommends that the District Court deem the factual allegations set forth in Counterclaimants' Statement of Facts admitted. *N.Y. State Teamsters Conference Pension & Ret. Fund*, 426 F.3d at 648–49 (affirming district court's holding that the moving party's statement of facts is deemed admitted in a summary judgment proceeding where the nonmoving party failed to comply with a local rule requiring it to file an opposing statement of facts.); *Gubitosi*, 154 F.3d at 31 n. 1 (same); *Reyes-Herrera v. Flaitz*, No. 19-CV-06257 EAW, 2021 WL 1929176, *1 (W.D.N.Y. May 13, 2021) (Wolford, J.) (same); *Harris v. United States*, 333 F. Supp. 3d 238, 243–245 (W.D.N.Y. 2018) (Wolford, J.) (same).

Based upon the forgoing, Plaintiff has not refuted that he committed assault and battery on Counterclaimants as alleged in the second numbered factual assertion contained in Counterclaimants' Statement of Facts. (Counterclaimants' Rule 56 Statement at 1, ECF No. 187-1.) The allegations are supported by the hearing packet and TAC Report submitted by Counterclaimants. More specifically, the allegations are supported by the document titled "Statement of Evidence Relied Upon," which describes Plaintiff's conduct towards Counterclaimant Burns, and that incorporates two Inmate Misbehavior Reports completed by defendant Sergeant Jerry Jones, which describes Plaintiff's conduct towards Counterclaimants Relf, Schmitt, and Carey on June 19, 2013. (Deutsch Decl. Ex. A at 11–12, 15–16.)

For these reasons, the undersigned recommends that the District Court find that Counterclaimants are entitled to summary judgment on their counterclaims.

***Findings of Fact Regarding Counterclaimants' Motion for Summary Judgment—Counterclaimants' Assertion that Plaintiff is Estopped from Disputing the Counterclaims Because Plaintiff Lost Good Time and It Was Never Restored.***

Counterclaimants are asking the Court to find that Plaintiff is estopped from disputing the counterclaims because he lost good time a result of the June 19, 2013 incident and that time was never restored. (*Id.* at 4.) In that regard, the TAC Report demonstrates that the twelve months' good time lost because of the June 19, 2013, incident was never restored. (*Id.* Ex. B.) The determination by DOCCS's hearing officer regarding Plaintiff's conduct on June 19, 2013, must be given full faith and credit because Plaintiff's good time was not restored. *Edwards v. Balisok*, 520 U.S. 641 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994); *Shapard v. Attea*, 710 Fed. App'x 15 (2d Cir. 2017) (summary order); *Balkum v. Leonard*, No. 14-CV-06352 EAW, 2020 WL 372914, *2 (W.D.N.Y. Jan. 23, 2020) (Wolford, J.).

Plaintiff's disciplinary hearing took place on September 26, 2013. (Deutsch Decl. Ex. A at 10.) The hearing officer found Plaintiff guilty of two counts of "Assault on Staff" and two counts of "Violent Conduct," among other charges. (*Id.* at 8.) The hearing packet does not specify which Counterclaimants the hearing officer found Plaintiff assaulted and against whom he found Plaintiff engaged in violent conduct.

***Legal Conclusions Regarding Counterclaimants' Motion for Summary Judgment–Counterclaimants' Assertion that Plaintiff is Estopped from Disputing the Counterclaims Because Plaintiff Lost Good Time and It Was Never Restored.***

The undersigned recommends that the District Court deny relief to Counterclaimants regarding their request that Plaintiff be estopped from disputing

the counterclaims based on the findings of the DOCCS hearing officer, despite the loss of good time.

While the hearing packet includes two pages that list the charges against Plaintiff and the disposition of those charges–guilty on all counts–nowhere in the hearing packet is there an accusatory instrument from which the undersigned could determine who the hearing officer found that Plaintiff had assaulted and against whom he found Plaintiff had engaged in violent conduct. Again, the hearing officer found Plaintiff guilty of *two* counts of assault and *two* counts of violent conduct. Counterclaimants now ask the Court to preclude Plaintiff from disputing the counterclaims, which include *four* counts of assault and *four* counts of battery. In other words, the undersigned would be guessing if he had to choose which Counterclaimants the hearing officer found Plaintiff assaulted, which he cannot do. While the undersigned can rely upon Mr. Deutsch's unopposed, supported Statement of Facts to find that Plaintiff committed assault and battery on the four individuals— Burns, Carey, Relf, and Schmitt—he cannot rely on the disciplinary hearing officer's determination to grant judgment in Counterclaimants' favor because of the ambiguity. In sum, Counterclaimants have failed to demonstrate their entitlement to a preclusive order preventing Plaintiff from testifying contrary to the DOCCS's disciplinary hearing determination and the undersigned recommends that the District Court deny their motion in that respect.

## CONCLUSION

Based on the foregoing, the undersigned recommends that the District Court:

(1) deny Plaintiff's cross-motion to hold Counterclaimants' motion for summary judgment in abeyance until discovery is complete (ECF No. 200);

(2) grant Counterclaimants' motion for summary judgment on the ground that Plaintiff failed to submit an opposing statement of facts thus rendering the unopposed, supported facts deemed admitted (ECF No. 187);

(3) deny Counterclaimants' motion for an order precluding Plaintiff from testifying contrary to the DOCCS's hearing officer's determination on the ground that the hearing officer's written findings fail to specify which Counterclaimant the hearing officer found Plaintiff assaulted and against whom he found Plaintiff engaged in violent conduct (ECF No. 187).

Pursuant to 28 U.S.C. § 636(b)(1), the undersigned hereby

**ORDERS**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**</u> *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules of Civil Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by

legal authority." **Failure to comply with the provisions of Rule 72(b) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

DATED:   October 15, 2021
Rochester, New York

MARK W. PEDERSEN
United States Magistrate Judge