UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TOMMY LEE BROWN,

            Plaintiff,

v.

JERRY JONES, JEFFREY CAREY,
JOSEPH J. AVERY, MICHAEL RELF,
PATRICK D. BURNS, THOMAS W.
NOVAK, SR., BRUCE SCHMITT,
MATTHEW RANGER, CHARLES
BAILOR, and ADAM PARADOWSKI,

            Defendants.

**DECISION AND ORDER**

6:15-CV-06108-EAW-MJP

---

## **INTRODUCTION**

Currently pending before the Court are plaintiff Tommy Lee Brown's ("Plaintiff") objections (Dkt. 217) to the Report and Recommendation (Dkt. 216) (the "R&R") issued on October 15, 2021, by United States Magistrate Judge Mark W. Pedersen. Familiarity with the R&R is presumed for purposes of this Decision and Order.

The Court has conducted a thorough review of the R&R, the underlying motion for summary judgment (Dkt. 187), Plaintiff's filings in response (Dkt. 200; Dkt. 201), the reply (Dkt. 202), and the parties' supplemental filings (Dkt. 212; Dkt. 213; Dkt. 214; Dkt. 215). After *de novo* review of those issues to which objections were filed, and after a thorough consideration of all issues raised in the parties' filings, the Court hereby accepts and adopts the R&R in its entirety and grants the summary judgment motion as to the counterclaims

-1-

for assault and battery asserted by defendants Relf, Schmitt, Burns, and Carey ("Counterclaimants").

## BACKGROUND

Plaintiff commenced this action *pro se* on March 2, 2015. (Dkt. 1). Current counsel for Plaintiff filed a notice of appearance on March 26, 2020. (Dkt. 118). Plaintiff filed the second amended complaint on April 4, 2021, asserting claims for excessive force and failure to intervene against the defendants arising out of a series of altercations on June 19, 2013, at the Five Points Correctional Facility. (Dkt. 159). In their amended answer to the second amended complaint, the Counterclaimants asserted counterclaims for assault and battery against Plaintiff arising out of the same set of interactions occurring on June 19, 2013. (Dkt. 196 at 7-8).

On May 5, 2021, Counterclaimants moved for summary judgment on their counterclaims.[1] (Dkt. 187). Plaintiff filed papers in opposition to the summary judgment motion and requested that the motion be held in abeyance pursuant to Federal Rule of Civil Procedure 56(d), seeking further discovery related to Plaintiff's underlying criminal conviction and appeal. (Dkt. 200; Dkt. 201). On June 8, 2021, Counterclaimants filed a response to Plaintiff's motion. (Dkt. 202). On August 25, 2021, Magistrate Judge Pedersen ordered supplemental briefing. (Dkt. 210). Counterclaimants filed supplemental briefing

---

[1] At the time the summary judgment motion was filed, the relevant pleading was the answer to the second amendment complaint filed on April 29, 2021. (Dkt. 182). Prior to Plaintiff responding to the summary judgment motion, that answer was amended. (Dkt. 196). The counterclaims in the two pleadings are identical and therefore the amendment does not impact the Court's analysis.

on September 3, 2021. (Dkt. 212). Plaintiff filed his response on September 13, 2021. (Dkt. 213; Dkt. 214). Counterclaimants filed their reply on September 17, 2021. (Dkt. 215).

On October 15, 2021, Magistrate Judge Pedersen issued the R&R, recommending that the Court deny Plaintiff's request to hold Counterclaimants' summary judgment motion in abeyance pending additional discovery and grant Counterclaimants' motion for summary judgment. (Dkt. 216).[2]

Plaintiff timely filed objections on November 1, 2021. (Dkt. 217). Counterclaimants filed their response on November 9, 2021. (Dkt. 219).

## **DISCUSSION**

Plaintiff raises two objections. First, Plaintiff argues that he reasonably believed that discovery was stayed during the pendency of Counterclaimants' summary judgment motion. (Dkt. 217 at 4-5). As a result, he did not serve discovery requests upon Defendants. (*Id.* at 5). Magistrate Judge Pedersen ultimately found that Plaintiff had not met his burden pursuant to Rule 56(d) sufficient to justify holding Counterclaimants' summary judgment motion in abeyance in part because Plaintiff had not made efforts to

---

[2] The R&R also addressed Counterclaimants' alternative request that, in the event the summary judgment was denied, Plaintiff should be barred from testifying contrary to the findings of the Department of Correctional and Community Services ("DOCCS") hearing officer. (Dkt. 216 at 2). Since the summary judgment motion was granted, the Court does not view this issue as ripe for resolution at this stage of the proceedings. *See Balkum v. Leonard*, 6:14-CV-06352 EAW, 2020 WL 372914, at *1 (W.D.N.Y. Jan. 23, 2020) (considering preclusion of testimony inconsistent with disciplinary hearing findings as motion *in limine* in anticipation of trial).

obtain the discovery materials that, Plaintiff argues, would have assisted him in opposing Counterclaimants' summary judgment motion. (Dkt. 216 at 7-9).

Second, Plaintiff objects to Magistrate Judge Pedersen's "strict adherence" to Local Rule of Civil Procedure 56(a)(2) pursuant to which the court may deem facts in the movant's statement of material facts admitted where a nonmovant has failed to controvert those facts. (Dkt. 217 at 2). The Court addresses these objections in turn.

## I. Standard of Review of Report and Recommendation

Where a party makes specific objections to a magistrate judge's report and recommendation, the district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "The Court reviews unobjected-to findings for clear error." *Am. Ins. Co. v. City of Jamestown*, 914 F. Supp. 2d 377, 384 (W.D.N.Y. 2012). After conducting its review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II. Whether Discovery Had Been Stayed

Plaintiff first objects to Magistrate Judge Pedersen's finding that discovery had not been stayed during the pendency of Counterclaimants' summary judgment motion. (Dkt. 217 at 2).

Plaintiff argues that after issuance of Magistrate Judge Pedersen's order setting the fact discovery deadline 180 days after the resolution of the pending motion for summary judgment or Plaintiff's motion to appoint a guardian ad litem (Dkt. 193 at ¶ 1), the parties

"proceeded as if discovery was stayed, as the order was drafted in the specific context of Defendants' belief that their motion might avoid all further discovery." (Dkt. 217 at 3). Counterclaimants refute that the parties proceeded as though discovery was stayed following Magistrate Judge Pedersen's discovery scheduling order. (*See* Dkt. 219 at 1). In support of their position, Counterclaimants provide an email sent on May 18, 2021, nearly two weeks after Magistrate Judge Pedersen's discovery scheduling order, indicating that defense counsel provided disclosures to Plaintiff. (*Id.* at 5).

Even if the Court accepted Plaintiff's assertion that the parties proceeded under the assumption that discovery was stayed—a contention seemingly contradicted by the May 18, 2021 email attached to Counterclaimants' response to the objections—nothing in the discovery scheduling order or any other order indicates that discovery was stayed during the pendency of Counterclaimants' summary judgment motion or Plaintiff's motion to appoint a guardian ad litem. (*See* Dkt. 193). Plaintiff has provided no evidence or authority that would support such a finding, and Magistrate Judge Pedersen's scheduling order plainly contains no such stay.

Plaintiff further argues that the Court did not invite him to supplement his opposition to summary judgment after a guardian ad litem was appointed and the court ordered supplemental briefing. (Dkt. 217 at 3). This fact does not indicate that discovery was stayed during the pendency of either motion. It would have been counsel's responsibility to seek an extension if it was necessary to communicate with her client in light of the newly appointed guardian ad litem. Counsel did not do so.

For these reasons, the Court finds that discovery was not stayed during the pendency of Counterclaimants' summary judgment motion. Thus, it was perfectly appropriate for Magistrate Judge Pedersen to rely, in part, on the lack of any discovery demands in rejecting Plaintiff's request to hold the summary judgment motion in abeyance.

### III. <u>Failure to Submit an Opposing Statement of Facts</u>

Plaintiff also objects to Magistrate Judge Pedersen's "strict adherence" to Local Rule of Civil Procedure 56(a)(2) deeming admitted the facts set forth in Counterclaimants' motion for summary judgment because, Plaintiff argues, he was unable to oppose Counterclaimants' motion without the discovery he sought. (Dkt. 217 at 5-7).

Local Rule 56(a)(2) provides, in relevant part:

> The papers opposing a motion for summary judgment shall include a response to each numbered paragraph in the moving party's statement, in correspondingly numbered paragraphs. . . . Each numbered paragraph in the moving party's statement of material facts may be deemed admitted for purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement.

Plaintiff did not file an opposing statement of facts as Local Rule 56(a)(2) requires. Accordingly, Magistrate Judge Pedersen deemed the facts set forth in Counterclaimants' summary judgment motion admitted for the purposes of his summary judgment analysis. (Dkt. 215 at 4, 10-11).

The Second Circuit has held that "district courts have the authority to institute local rules governing summary judgment submissions[.]" *N.Y. State Teamsters Conf. Pension & Ret. Fund v. Express Servs. Inc.*, 426 F.3d 640, 648 (2d Cir. 2005) (citation omitted). Such "[r]ules governing summary judgment practice are essential tools for district courts,

permitting them to efficiently decide summary judgment motions by relieving them of the onerous task of 'hunt[ing] through voluminous records without guidance from the parties.'" *Id.* at 649 (citing *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001)). It is within a district court's discretion to deem facts admitted for failure to comply with its local rules regarding summary judgment. *See Suares v. Cityscape Tours, Inc.*, 603 F. App'x 16, 18 (2d Cir. 2015) (citing *T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009)). However, "[r]eliance on a party's statement of undisputed facts may not be warranted where those facts are unsupported by the record." *N.Y. State Teamsters Conf. Pension & Ret. Fund*, 426 F.3d at 649.

Although Plaintiff cites cases in which courts have permitted further briefing where parties have sought additional discovery pursuant to Rule 56(d) (Dkt. 217 at 7), a court is not obligated to do so. It is within a court's discretion to deem facts admitted when a nonmovant has failed to properly respond to a movant's statement of material facts as required by Local Rule 56(a)(2). *See, e.g.*, *Cordaro v. Dep't of Defense*, 6:19-CV-6601 EAW, 2021 WL 4121609, at *1 (W.D.N.Y. Sept. 9, 2021), *appeal docketed*, No. 21-2568 (2d Cir. Oct. 12, 2021); *Bowden v. City of Buffalo*, 6:15-CV-6565 EAW, 2021 WL 1162879, at *1 (W.D.N.Y. Mar. 26, 2021). Contrary to Plaintiff's assertion, this Court and other courts in this Circuit deny motions to extend discovery pursuant to Rule 56(d) and rule on motions for summary judgment based on facts deemed admitted without ordering further briefing. *See, e.g.*, *Cordaro*, 2021 WL 4121609, at *1, *6, *11; *Kokoshka v. Inv.*

*Advisory Comm. of Colombia Univ.*, 19 Civ. 10670 (JPC), 2021 WL 3683508, at *1 n.1, *8 n.7, *9 (E.D.N.Y. Aug. 19, 2021).

Furthermore, Plaintiff's reliance on *Miller v. Wolpoff & Abramson L.L.P.*, 321 F.3d 292 (2d Cir. 2003), is inapplicable for at least two reasons. First, the Second Circuit held in *Miller* that pursuant to Rule 56(d), then Rule 56(f):

> when a party facing an adversary's motion for summary judgment reasonably advises the court that it needs discovery to be able to present facts needed to defend the motion, the court should defer decision of the motion until the party has had the opportunity to take discovery and rebut the motion.

*Id.* at 303-04 (citation omitted). In the instant case, Plaintiff had the opportunity to identify the needed discovery and attempted to do so in his cross motion. (Dkt. 201). However, Magistrate Judge Pedersen found that Plaintiff failed to set forth the facts he sought with sufficient specificity, how those facts were reasonably expected to create a genuine issue of material fact, what effort Plaintiff made to obtain those facts, and how those efforts were unsuccessful. (Dkt. 216 at 6-9 (citing *Meloff v. N.Y. Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir. 1995)). Plaintiff has not objected to these findings, and the Court finds no error—clear or otherwise—with Magistrate Judge Pedersen's analysis. *See Am. Ins. Co.*, 914 F. Supp. 2d at 384 ("The Court reviews unobjected-to findings for clear error."). Thus, Plaintiff did not meet the standard necessary to defer consideration of the summary judgment motion.

Second, in *Miller*, the defendants moved for summary judgment on the plaintiff's claims before the plaintiff could conduct the discovery that would assist in prosecuting his case at summary judgment. *See* 321 F.3d at 298. In the instant case, the roles are reversed.

The Second Circuit reiterated its previous holding that "summary judgment should only be granted if after discovery, the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof[.]" *Id.* at 303 (citation and quotation marks omitted). The court further cautioned that "[o]nly in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." *Id.* at 303-04. However, in the instant case, *Counterclaimants* bear the burden of proof on summary judgment for their counterclaims, occupying the typical role of the plaintiff. *See Federal Nat'l Mortg. Ass'n v. Olympia Mortg. Corp.*, No. 04-CV-4971 (NG)(MDG), 2011 WL 9933496, at *14 (E.D.N.Y. Aug. 5, 2011).

Moreover, *Miller* does not implicate a party's failure to properly respond to a motion for summary judgment in accordance with a court's local rules. Plaintiff has cited insufficient authority to persuade the Court to permit Plaintiff a second opportunity to comply with the Court's local rules governing summary judgment motions. Accordingly, the Court finds that Magistrate Judge Pedersen deeming admitted the facts set forth in Counterclaimants' statement of material facts is a proper exercise of his discretion.

Furthermore, the Court has reviewed the unobjected-to portions of the R&R for clear error. Finding none, the Court adopts the R&R in its entirety.

## **CONCLUSION**

For the reasons set forth above, the Court adopts the R&R in its entirety and grants summary judgment for the Counterclaimants as to their claims for assault and battery.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:  December 16, 2021
        Rochester, New York