UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JEREMY M. SHER, as guardian *ad litem* of
TOMMY LEE BROWN,

                           Plaintiff,        **STIPULATION AND ORDER**

-vs-

FISCHER, ET AL.,                         **15-CV-6108**

                          Defendants.
_____

**STIPULATION AND ORDER**

This SETTLEMENT STIPULATION, GENERAL RELEASE, AND ORDER OF DISMISSAL ("Settlement Order" or "Settlement") is made by and between Plaintiff JEREMY SHER as guardian *ad litem* of Tommy Lee Brown ("Plaintiff') and all remaining Defendants; to wit, New York State Department of Corrections and Community Supervision ("DOCCS") employees Jerry Jones, Jeffrey Carey, Joseph Avery, Michael Relf, Patrick Burns, Thomas Novak, Bruce Schmitt, Matthew Ranger, Charles Bailor, and Adam Paradowski (collectively, "Defendants").:

**WHEREAS**, Tommy Lee Brown commenced <u>Brown v. Fischer et al.</u>, 15-CV-6108 by filing a complaint on or about March 2, 2015 in this Court alleging that the named defendants in that action violated Plaintiffs rights; and

**WHEREAS** the first Defendant to be served did not receive service of the complaint until February of 2019; and

**WHEREAS** served Defendants answered the complaint and denied all wrongdoing; and

**WHEREAS** served Defendants filed a Motion to Dismiss on July 2, 2019, and

**WHEREAS** that motion was granted in part and denied in part on March 23, 2020, and

1

**WHEREAS** undersigned Plaintiff's counsel entered a notice of appearance on Tommy Lee Brown's behalf on March 26, 2020, and

**WHEREAS** an amended complaint was filed on April 4, 2021; and

**WHEREAS** Defendants answered the amended complaint on April 29, 2021 and denied all wrongdoing, and

**WHEREAS** Defendants Relf, Carey, Schmitt, and Burns filed Counterclaims to Plaintiff's amended Complaint, and

**WHEREAS** Counterclaimant Defendants filed a motion for summary judgment on their counterclaims on May 5, 2021, and

**WHEREAS** the Court appointed Plaintiff Jeremy Sher, Esq. to serve as *guardian ad litem* for Tommy Lee Brown for this litigation on July 14, 2021, and

**WHEREAS** the Court granted Defendants motion for summary judgement over Plaintiff's opposition on December 16, 2021,

**IT IS HEREBY STIPULATED AND AGREED** by and between the parties and/or their respective counsel as follows:

1.  **Dismissal of the Action With Prejudice**

The Action, and all claims and counterclaims asserted therein are discontinued with prejudice against the Defendants and Plaintiff, respectively, pursuant to Fed. R. Civ. P. 41(a)(2) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts specified in Paragraph 2 below.

2.  **Payment to Plaintiff**

In full consideration of Plaintiff's execution of this Settlement Order, his agreement to be bound by its terms, and his undertakings as set forth herein including, but not limited to, the

dismissal of the Action with prejudice and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and subject to any reservation for payment to Medicare or other taxes, liens or setoffs as set forth in Paragraphs 5-8 herein, if any, the State of New York, on behalf of Settling Defendants, shall pay the gross amount of nine thousand, eight hundred (9,800) Dollars, for which the New York State Office of the State Comptroller shall issue all appropriate Internal Revenue tax forms, if any, in full satisfaction of any and all claims, allegations or actions, direct or indirect, known or unknown, that Plaintiff had, has, or may have against the Settling Defendants, whether in their individual or official capacities, and the State of New York, or any of its predecessors, or any of its current or former employees, subdivisions, units or related entities, rising out of conduct, acts, or omissions raised in the Action prior to, up to and including the date of this Settlement, including those asserted in the Action, including any attorney's fees, costs, disbursements, and expenses incurred by Plaintiff for any and all counsel who have assisted Plaintiff or at any time represented Plaintiff in the Action, or in connection with any other proceeding, administrative, judicial, or otherwise, and any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted in the Action as follows:

    a.    The State of New York, on behalf of Settling Defendants, shall pay to Tommy Lee Brown nine thousand, eight hundred (9,800) dollars, in full and complete satisfaction of any and all claims for damages incurred by Tommy Lee Brown that were or could have been the subject of any claim that were or could have been asserted arising out of conduct, acts or omissions which are raised in the Action, as well as in connection with any other proceeding, administrative, judicial, or otherwise, including any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted arising out of conduct, acts or omissions

which are raised in the complaint in the Action. Plaintiff agrees that the instant settlement includes any claims for attorneys' fees, costs or disbursements. Plaintiff's counsel also agrees that they will not seek attorneys' fees, costs or disbursements in this Action. The Plaintiff and the Settling Defendants agree that the entire amount of the payment made to Tommy Lee Brown pursuant to this Agreement is a payment in settlement of (and as compensation for) Plaintiff's claims for physical injury. A check in the amount of nine thousand, eight hundred (9,800) dollars shall be drawn to the order of: "Tommy Lee Brown" and deposited by the State of New York into Mr. Brown's inmate account maintained by DOCCS on his behalf.

**3.     State Approval of Payments**

Payment of the settlement amount specified in Paragraph 2 of this Settlement is subject to the approval of all appropriate State officials in accordance with N.Y. Public Officers Law § 17. Plaintiff and Plaintiff's attorneys agree to promptly execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment. The provisions of Chapter 62 of the Laws of 2001 as amended (a/k/a "The Son of Sam Law" relating to crime victims, funds of convicted persons and the New York State Office of Victims Services), including but not limited to Section §632-a of the Executive Law and Subsection 12-g of §8 of the New York State Finance Law, may be applicable to the payment by Settling Defendants hereunder.

**4.     Accrual of Interest**

In the event that payment of the settlement amount specified in Paragraph 2 of this Settlement has not been made by the one hundred and twentieth (120th) day after receipt by the Office of the Attorney General ("OAG") of a "So Ordered" copy of this Settlement, entered into the record by the Clerk of Court, together with all other documentation required under Paragraphs 3 and 7 of

this Settlement Order, interest on any part of the settlement amount not paid by the one hundred and twentieth (120th) day shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred and twentieth (120th) day unless the provisions of Executive Law Section 632-a apply to Plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event, the one hundred and twenty (120) day payment period shall be extended by an additional thirty (30) days with respect to the payment to allow for compliance with that law.

5. **Responsibility of Plaintiff for Taxes**

It is understood and agreed that any taxes, or interest or penalties on taxes, on the settlement amount specified in Paragraph 2 of this Settlement shall be the sole and complete responsibility of Tommy Lee Brown and that Plaintiff shall have no claim, right or cause of action against the Settling Defendants and the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of its current or former officials, employees or agents, whether in their individual or official capacities, on account of such taxes, interest or penalties. Plaintiff agrees that he will indemnify and hold harmless the Settling Defendants and the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of its current or former officials, employees, or agents, whether in their individual or official capacities, for the satisfaction of any such taxes, or interest or penalties on taxes.

6. **Responsibility of Plaintiff for Liens and Setoffs**

Plaintiff agrees that the Settling Defendants and the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), nor any of its current or former officials, employees or agents, whether in their individual or official capacities, shall be

5

responsible for any liens or setoffs of any kind (including, but not limited to, any and all unemployment benefits, workers' compensation, tax, or child support liens) which may attach to the settlement amount specified in Paragraph 2 of this Settlement. Plaintiff shall have no claim, right, or cause of action against the Settling Defendants and the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of its current or former officials, employees, or agents, whether in their individual or official capacities, on account of such liens or setoffs. Plaintiff agrees that Tommy Lee Brown will indemnify and hold harmless the Settling Defendants and the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of its current or former officials, employees, or agents, whether in their individual or official capacities, for the satisfaction of any such liens or setoffs.

**7.** **Medicare Certification**

Plaintiff and Plaintiff's attorneys acknowledge and understand that Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 ("MMSEA"), 42 U.S.C. § 1395y(b), mandates that the State of New York and the OAG report information to Medicare regarding settlements, judgments, awards or payments of any kind for the purpose of coordinating benefits for Medicare beneficiaries, and agrees to deliver executed and notarized Affidavits of Medicare Eligibility Status, in the form annexed hereto as Exhibit A to the OAG. Plaintiff and Plaintiff's attorneys acknowledge and understand that the submission of this Affidavit, and any and all requested supporting documentation, to the OAG is a prerequisite to payment of the settlement amount specified in Paragraph 2 of this Agreement, and falls within the category of "other documentation" described in Paragraphs 3 and 4 of this Agreement. The OAG

understands that any Affidavit will be signed by Plaintiff as the guardian ad litem of Tommy Lee Brown.

**8.       Responsibility of Plaintiff for Any Medicare Payments and/or Liens**

Plaintiff agrees that Tommy Lee Brown will defend, indemnify, and hold harmless the Settling Defendants and the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of its current or former officials, employees, or agents, whether in their official or individual capacities, regarding any liens or past and/or future Medicare payments presently known or unknown in connection with the Action. If conditional and/or future anticipated Medicare payments have not been satisfied, the State of New York and/or the OAG reserve the right to issue a multi-party check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the amounts specified in Paragraph 2 of this Agreement. Upon receipt of all required documentation under Paragraphs 3, 4 and 7, payment of the settlement amount specified in Paragraph 2 shall be made in accordance with the terms set forth herein.

**9.       General Release**

In consideration of the payment of the sum recited in Paragraph 2 of this Settlement, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, Plaintiff, on behalf of Tommy Lee Brown, his heirs, executors, administrators, successors, and assigns (the "Releasing Parties") hereby release and forever discharge each of the Settling Defendants and the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), together with all of its present and former principals, officers, officials, directors, members, affiliates, employees, agents, attorneys, insurers,

7

subdivisions, subsidiaries, heirs, administrators, and assigns, whether in their individual or official capacities (the "Released Parties") from all manner of actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now have, or shall or may have in the future against some, any, or all of the Released Parties, for or by reason of any act, transaction, occurrence, omission, cause, matter, or thing whatsoever up to and including the date of this Settlement Agreement for any and all claims regarding or arising out of the causes of action, acts, transactions, occurrences, or omissions which are described, alleged, or contained in the pleadings in this Action. Plaintiff also waives and releases any and all claims against the State of New York, its agencies, departments, and its officials employed in the New York State Court system and in the New York Court of Claims or any other forum, administrative or otherwise, related to or arising from any transactions, acts, omissions, or occurrences up to and including the date of this Settlement for any and all claims regarding or arising out of the causes of action, acts, transactions, occurrences, or omissions which are described, alleged, or contained in the pleadings in this Action.

**10.     No Other Action or Proceeding Commenced**

Other than this Action, Plaintiff represents and warrants that to his knowledge Tommy Lee Brown has not filed or is currently prosecuting any other lawsuit against the Settling Defendants and the State of New York (including, but not limited to, any agencies, departments, and subdivisions thereof), and/or any of its current or former officials, employees, or agents, whether in their individual or official capacities, on Mr. Brown's own behalf and/or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, and that none of the foregoing is currently pending in any court or before any

administrative or investigative body or agency. This provision requires no due diligence or investigation to be conducted by Plaintiff. This provision cannot be used now or in the future to nullify this settlement agreement, set aside this settlement agreement, or used by the Defendants or the State of New York (including, but not limited to, any State of New York employee, agencies, departments, and subdivisions thereof), and/or any of its current or former officials, employees, or agents, whether in their individual or official capacities, against Tommy Lee Brown to nullify or dismiss any action or lawsuit that may have or could be brought by Tommy Lee Brown.

**11.    No Other Attorney**

Plaintiff and the undersigned attorneys for Plaintiff represent and warrant that there are no attorneys having a lien for services rendered to Plaintiff pursuant to the provisions of N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract or otherwise in the Action, or in any other action or proceeding alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action. Plaintiff agrees to defend, indemnify, and hold harmless the Settling Defendants and the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of its current or former officials, employees, or agents, whether in their individual or official capacities, from any liability or claims for attorneys' fees, costs, disbursements, or expenses incurred by Plaintiff in the Action or in connection with any other proceeding, administrative, judicial or otherwise, and any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action.

**12.    No Prevailing Party**

Neither Plaintiff nor the Defendants shall be deemed a "prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

13. **Successors and Assigns**

The terms and conditions of this Settlement Order shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

14. **Authority**

Each signatory to this Settlement Order hereby represents and warrants that he, she, or it has the requisite authority to enter into this Settlement Order and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Order.

15. **Voluntary Agreement**

The parties hereto execute and deliver this Settlement Order voluntarily after being fully informed of its terms, contents and effect, and acknowledge that they understand its terms, contents and effect. The parties hereto acknowledge that they are aware, and are advised, of their right to seek the advice of an attorney and that they have been represented by counsel of their own choosing before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party hereto or anyone acting on behalf of such party.

16. **No Admission of Liability**

It is understood and agreed that any action taken or payments made pursuant to this Settlement Order are made solely to avoid the burdens and expense of protracted litigation, and that this Settlement and the actions taken or payment made pursuant hereto are not to be construed as constituting any determination on the merits of any claims, whether asserted or purportedly asserted in the Action, or as an admission of wrongdoing or liability. Nothing contained in this Settlement shall be deemed to constitute a policy, practice, or custom of the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any

of its current or former officials, employees, or agents, whether in their individual or official capacities.

17. **No Precedential Value**

This Settlement shall not in any manner be construed as determinative of the issues or claims, whether raised or purportedly raised, in the Action or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Settlement shall not bind or collaterally estop the Settling Defendants and the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of its current or former officials, employees, or agents, whether in their individual or official capacities, in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses.

18. **Entire Agreement**

This Settlement constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Settlement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

19. **Governing Law**

The terms of this Settlement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply to Plaintiffs release and waiver of federal

11

claims or purported claims pursuant to Paragraph 9 of this Agreement.

**20.   Severability**

With the exception of Paragraphs 1, 2, 3, 7, 8, 9, 10, and 12 of this Settlement Order, if any provision of this Settlement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

**21.   Headings**

The headings contained in this Settlement are for convenience of reference only and are not a material part of this Settlement.

**22.   Execution**

This Settlement may be executed in any number of counterparts, each of which shall be deemed an original, and all of which taken together shall constitute one Settlement, and may be executed by facsimile signature and facsimile notary seal.

**23.   Authority to Sign Settlement**

The parties and the signatories to this Settlement represent and warrant that the signatories executing this Settlement on behalf of each party have full authority to do so and to make the representation, warranties, and agreements contained herein.

**24.   Submission to the Court**

Upon signatures by all parties and counsel for all parties, this Settlement shall be submitted without further notice to the Court to be "So Ordered."

IN WITNESS WHEREOF, the parties hereto acknowledge that they have read this Settlement

and accept and agree to the provisions contained herein, and have each executed this Settlement to be effective on the day and date indicated below, subject to Court approval.

*[signature: Agnew]*

Amy Jane Agnew, Esq.
LAW OFFICE OF AMY JANE AGNEW, P.C.
*Attorney for Plaintiff*
24 Fifth Avenue, Suite 1701
New York, New York 10011
Dated:   December 21, 2023
         New York, New York

*[signature: Jeremy Sher]*

Jeremy Sher, Esq.
*Guardian ad litem* for Plaintiff
350 Linden Oaks, Third Floor
Rochester, New York 14625-2825
Dated:   December 21, 2023
         Rochester, New York

HON. LETITIA JAMES
Attorney General of the State of New York
*Attorney for Defendants*

*s/ Hillel Deutsch*

Hillel Deutsch, Esq.
Assistant Attorney General of Counsel
NYS Office of the Attorney General
144 Exchange Boulevard, Suite 200
Rochester, NY 14614
Telephone: (585) 546-7430
Dated:   December 26, 2023

SO ORDERED:
Dated:   Rochester, New York
         December 26, 2023

*[signature: Elizabeth A. Wolford]*

Hon. Elizabeth A. Wolford
United States District Judge

13